# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kevin L. Perry,<br><br>　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>Veolia Transport et al.,<br><br>　　　　　　　　　Defendants. | CASE NO. 11-CV-176-LAB-RBB<br><br>**ORDER OF DISMISSAL; ORDER DENYING MOTIONS TO STRIKE AND FOR A MORE DEFINITIVE STATEMENT AS MOOT; ORDER GRANTING MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT; ORDER ENJOINING PLAINTIFF FROM FILING NEW CIVIL ACTIONS**. |

　　　Plaintiff Kevin Perry brings twelve causes of action based on California law against Defendants Veolia Transportation Services, Inc. ("Veolia") and FirstGroup PLC ("FirstGroup"). Veolia and FirstGroup are transportation companies alleged to have provided bus transit services for the County of San Diego (the "County"), and Perry challenges both that contract and the employment actions of each defendant. Perry alleges diversity jurisdiction under 28 U.S.C. § 1332 and supplemental jurisdiction under 28 U.S.C. § 1367.

　　　The causes of action arise from a contract between the County and one or both of the Defendants, and Perry's termination from employment with one or both of the Defendants. Veolia moves to dismiss the complaint for three reasons: (1) failure to state a claim under 12(b)(6); (2) Perry has been deemed a vexatious litigant in state court; and (3) several causes of action are preempted by the National Labor Relations Act ("NLRA"). Veolia

- 1 -

alternatively moves for the Court to strike all claims for failure to comply with Fed. R. Civ. P. Rule 8. FirstGroup moves to dismiss for failure to join an indispensable party and failure to comply with pleading requirements. FirstGroup alternatively moves for a more definitive statement. Additionally, FirstGroup moves to have Perry deemed a vexatious litigant.

For the reasons set forth below, the complaint is **DISMISSED WITH PREJUDICE**. Veolia's motion to strike and FirstGroup's motion for a more definitive statement are **DENIED AS MOOT**. The Court's ruling on FirstGroup's motion to deem Perry a vexatious litigant is **GRANTED**, and Perry is enjoined from filing any new civil actions in this or any other federal court of the United States without first obtaining leave of that court pursuant to the terms of the injunction set forth at the conclusion of this Order.

## I.   Causes of Action

It will be helpful to list each of Perry's twelve causes of action against Defendants.

Perry's first cause of action, brought against FirstGroup, alleges that the County did not have legal authority to "contract out" public transit services to FirstGroup. Perry seeks an order "disgorging all proceeds paid to FirstGroup" under Cal. Civ. Code § 526a, which allows a private citizen to seek an injunction against *a local government* for the illegal expenditure or waste of public funds.

Perry's second cause of action is nearly identical to the first, except that it names Veolia instead of FirstGroup. Additionally, both causes of action seem to allege a violation of 18 U.S.C. 666 against the County.

Perry's third cause of action seeks to have Perry declared an employee of the County because the contract between the County and FirstGroup violates Cal. Gov. Code § 25502.5(a). He also alleges the contract is void as against public policy and as waste entered into without the County first conducting an efficiency and economic study "as required by San Diego Charter." (Compl. at 15.)

Perry's fourth cause of action seeks to have a contract between the County and the Metropolitan Transit System declared void as against public policy, and seeks to have himself declared a County employee because of said voidness. Perry also seeks to have

a contract between the County and Veolia declared void because it violates Cal. Pub. Util. Code § 120475.

Perry's fifth cause of action alleges that Veolia terminated him in retaliation for a False Claims Act, Cal Gov. Code §§ 12650-51, suit he brought against FirstGroup. Perry alleges that his discharge violated Cal. Gov. Code § 12653 because Veolia's stated reason for discharge, Perry's lack of union membership, was pretextual.

Perry's sixth cause of action accuses the County of criminal larceny for stealing "continued employment and pension from bus drivers." (Compl. at 22.) The sixth cause of action also alleges that, as a result of its alleged wrongful termination of Perry, Veolia violated Cal. Labor Code § 216 by refusing to pay him "split-shift compensation and daily overtime compensation." (Compl. at 23.)

Perry's seventh cause of action asks the court to declare the union contract between Veolia and Amalgamated Transit Union Local 1309 ("ATU Local 1309") void because it violates Cal. Code Regs. tit. 8, § 32603(d) and Cal. Labor Code §§ 432.5 & 923. Perry alleges the contract violates these provisions because Veolia "handpick[ed]" ATU Local 1309 to represent the bus drivers working for Veolia in El Cajon, California.

Perry's eighth cause of action alleges a False Claims Act violation against FirstGroup for failing to pay him for missed meal breaks, rest periods and overtime. Perry alleges that FirstGroup stole or embezzled money from the County by not providing him with the these benefits.

Perry's ninth cause of action alleges another False Claims Act violation against FirstGroup. Perry alleges that FirstGroup induced the County into contracting bus services based on the alleged false statement that driver shortages were created by economic conditions, instead of, as Perry believes, FirstGroup's refusal to properly compensate bus drivers. (Compl. at 30.)

Similar to his fifth cause of action, Perry's tenth cause of action alleges that FirstGroup violated Cal. Gov. Code § 12653 by refusing to compensate Perry "back-pay for meal period compensation, rest period compensation, and daily overtime." (Compl. at 35.) Perry alleges

that FirstGroup's alleged failure to pay is in retaliation for Perry's filing of False Claims Act suit against FirstGroup.

Perry's eleventh cause of action states that it seeks "specific relief", but the Court cannot be sure what this relief is. In this cause of action Perry does not allege any violation of law against either Defendant. The closest he comes is to state that "[the County] Board of Supervisors - through [FirstGroup] - stole continued employment and pension from bus drivers." (Compl. at 38.)

Similar to his eighth cause of action, Perry's twelfth cause of action alleges a False Claims Act violation against Veolia for failing to pay him "split-shift compensation and daily overtime." (Compl. at 42.) Perry alleges that Veolia stole or embezzled money from the County by not providing him with these benefits.

## II. Legal Standards

### A. Failure to State a Claim Under Rule 12(b)(6)

A rule 12(b)(6) motion to dismiss for failure to state a claim challenges the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In considering such a motion, the Court accepts all allegations of material fact as true and construes them in the light most favorable to Perry. *Cedars–Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). To defeat a 12(b)(6) motion, a complaint's factual allegations needn't be detailed, but they must be sufficient to "raise a right to relief above the speculative level ...." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, "some threshold of plausibility must be crossed at the outset" before a case can go forward. *Id.* at 558 (internal quotations omitted). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ____, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

While the Court must draw all reasonable inferences in Perry's favor, it need not

"necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotations omitted). In fact, the Court does not need to accept any legal conclusions as true. *Iqbal*, 129 S.Ct. at 1949. A complaint does not suffice "if it tenders naked assertions devoid of further factual enhancement," *id.* (internal quotations omitted), nor if it contains a merely formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

### B. Failure to Join an Indispensable Party

If a necessary and indispensable party cannot be joined in an action, the case must be dismissed. *See Shermoen v. United States*, 982 F.2d 1312, 1317–18 (9th Cir. 1992). The moving party has the burden of persuasion in arguing for dismissal. *See Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990). The court first determines whether the absent party is "necessary" to the suit. If an absent party is necessary to the suit and cannot be joined, the court must then determine whether the absent party is "indispensable" so that in "equity and good conscience" the suit should be dismissed. Fed. R. Civ. P. 19(a), (b). Rule 19(a) provides, in pertinent part:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). To satisfy Rule 19, only one of the two prongs defining necessary parties need be shown. *Shimkus v. Gersten Cos.*, 816 F.2d 1318, 1322 (9th Cir. 1987). In deciding whether the absent party is "necessary" under Rule 19(a)(1)(A), the court "must decide if complete relief is possible among those already parties to the suit," an analysis independent of the question whether relief is available to the absent party. *Makah*, 910 F.2d at 558. Under Rule 19(a)(1)(B), the court determines "whether the absent party has a legally protected interest in the suit," a showing that must be more than a financial stake. *Id.*

Only when absent parties are "necessary" and cannot be joined shall the court determine whether in the case should be dismissed under Rule 19(b). *Id.* at 559. The "indispensible" analysis, in consideration of the substantive claims, proceeds through a four-part inquiry. "First, prejudice to any party resulting from a judgment militates toward dismissal of the suit." *Id.* at 560 (citing *Wichita and Affiliated Tribes of Okla. v. Hodel*, 788 F.2d 765, 775 (D.C.Cir. 1986)). "Second, shaping of relief to lessen prejudice may weigh against dismissal." *Id.* (citing *Provident Tradesmen's Bank & Trust Co. v. Patterson*, 390 U.S. 102, 111-12 (1968)). "Third, if an adequate remedy, even if not complete, can be awarded without the absent party, the suit may go forward." *Id.* (citing *Wichita*, 788 F.2d at 777). "Finally, if no alternative forum is available to the plaintiff, the court should be 'extra cautious' before dismissing the suit." *Id.*

### C. Pleading Requirements

Under Fed.R.Civ.P. 8(a)(2), a pleading must contain a short and plain statement of the claim that demonstrates that the pleader is entitled to some relief. The United States Supreme Court observed in *Twombly* that detailed factual allegations are not required under Rule 8.

Where a plaintiff appears *pro se*, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). However, even *pro se* plaintiffs "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. United States Dep't of Navy*, 66 F.3d 183, 199 (9th Cir. 1995). Moreover, a court may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir.1982).

### D. NLRA Preemption

"When an activity is arguably subject to § 7 or § 8 of the [NLRA], the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board if the danger of state interference with National policy is to be averted." *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 245 (1959). The duty for unions, as

1 representatives of the employees, and employer's to negotiate in good faith with respect to
2 wages, hours, and other terms and conditions of employment is an activity subject to § 8 of
3 the NLRA.  *See* 29 U.S.C. § 158.  Any claims that an employer and union did not negotiate
4 in good faith fall within the exclusion jurisdiction of the National Labor Relations Board
5 ("NLRB").  *See Mitchell v. Directors Guild of America*, 15 F.3d 1087, 1088 (9th Cir. 1994).

**III.    Requests for Judicial Notice**

Pursuant to Fed. R. Evid. 201, Defendant FirstGroup asks the Court to take notice of twenty-two state court orders, dockets reports, and complaints in support of its motion to declare Perry a vexatious litigant. (Dkt. Nos. 15-4 through 15-25)  The Court may take notice of state court records or proceedings, though not the findings of fact contained in them. *Wyatt v. Terhune*, 315 F.3d 1108, 1114 & n. 5 (9th Cir.2003).  The requests are therefore **GRANTED** for the purpose of showing the existence and contents of the records, and the nature of the proceedings.

**IV.    Discussion**

**A.    Perry's First, Second, Third, Fourth, Sixth, and Eleventh Causes of Action**

Defendants argue that those causes of action in which Perry alleges wrongdoing on behalf of the County, or demands declaratory relief from the County, must be dismissed because he has failed to join the County and Board of Supervisors as indispensible parties. The determination as to whether a party is indispensible is a two-part analysis determining whether the party is (1) necessary and (2) indispensible.  *See Biagro Western Sales v. Helena Chem. Co.*, 160 F. Supp. 2d 1136, 1142 (E.D. Cal. 2001).  If the Court determines that the County must be joined for those causes of action, they must be dismissed because the County would destroy diversity jurisdiction.[1]

Perry's First Cause of Action seeks to "disgorge" all funds paid to FirstGroup by the County as a result of its allegedly illegal contracting out of public transportation services to

---

[1] Perry claims to be a resident of California. The only viable ground for subject matter jurisdiction asserted by Perry is diversity. (Compl. at 5.) He also asserts supplemental jurisdiction, but the Court does not have jurisdiction over any claims made against the County. *See* 28 U.S.C. § 1367(b) (stating the Court does not have supplemental jurisdiction over parties joined under rule 19 where such joinder would destroy diversity).

- 7 -

FirstGroup.  Rule 19(a)(1)(B) states that a party is necessary if it has a legally protected interest in the suit.  The County has a legally protected interest in Perry's first cause of action because he seeks to force the County to go back on its duly negotiated contract with FirstGroup.  Additionally, the statute under which Perry brings this claim authorizes a private citizen action against a government entity.  *See* Cal. Civ. Code § 526a.  Although Perry seems to misapply this statute to FirstGroup, the County has a legally protected interest in defending itself, if it so chooses, against a claim that should rightfully be made against it instead of FirstGroup.  The County, therefore, is necessary to the present action.

It is also indispensible.  There are four factors to determine whether a party is indispensable: prejudice to the absent party, available means of prejudice mitigation, adequacy of judgment rendered in party's absence, and whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.  *See* Fed. R. Civ. P. 19(b); *see also Makah*, 910 F.2d at 558–60.  The County would be greatly prejudiced if the Court, in its absence, were to adjudicate the merits of forcing FirstGroup to repay the County.  There are no ways in which to mitigate this prejudice against the County absent its joinder; Perry has demanded all the monies paid to FirstGroup by the County be repaid.  Without joining the County, judgment would likely not be adequate as the County is unlikely to accept repayment lest FirstGroup stop running the buses.  Finally, Perry has an adequate remedy if this cause of action is dismissed: join the County and bring the claim in state court.[2]  With regard to disgorgement of funds paid to FirstGroup, the County is an indispensible party.[3]

Therefore, because the County is both necessary and indispensible to Perry's claim that FirstGroup repay all sums earned through its contract with the County, Perry's First Cause of Action is **DISMISSED WITH PREJUDICE**.

---

[2] The Court is aware that Perry has been deemed a vexatious litigant in California state court.  He is not, however, barred from bringing claims there.  He can bring any meritorious claim he wishes subject to a judge's screening and Perry's furnishing security. (*See* Def. Veolia's Mot. to Dismiss Ex. A.)

[3] Additionally, Perry's reliance on Cal. Civ. Code § 526a, which authorizes an action against a government entity, further supports the Court's finding that the County is indispensible. It appears that the County and its contract are Perry's true target, and failure to join them is fatal any claim that Perry brings (or intends to bring) against it.

- 8 -

Perry's Second Cause of Action is identical to the first, but demands disgorgement of funds paid to Veolia. For the same reasons, it is **DISMISSED WITH PREJUDICE**.

Perry's Third Cause of Action asks the Court to declare him an employee of the County. It is clear that the County is an necessary and indispensable party to that demand because it has a legally protected interest in whom it hires as its employees, and the County would be greatly prejudiced if the Court could appoint County employees at its discretion without the County being heard. Additionally, such a remedy would be inadequate because the Court could not enforce this relief upon the non-party County. Therefore, Perry's Third Cause of Action is **DISMISSED WITH PREJUDICE**.

Perry's Fourth Cause of Action seeks two forms of declaratory relief. First, insofar as any of the Fourth Cause of Action seeks the Court to declare Perry an employee of the County, it is **DISMISSED WITH PREJUDICE** for the same reasons as the Third Cause of Action. Second, Perry seeks to have the Court declare void the contract between the County and Veolia. The County has a legally protected right to defend its contract before the Court, and declaring the contract void would greatly prejudice the County. Because the County is a necessary and indispensable party to any action which seeks to have the County's contract with Veolia or FirstGroup declared void, see *Amer. Greyhound Racing, Inc. v. Hull*, 305 F.3d at 1023, Perry's Fourth Cause of Action is **DISMISSED WITH PREJUDICE**.

Perry's Sixth Cause of Action accuses the County of theft of "employment and pension from bus drivers." (Compl. at 22.) Perry cites to California larceny and theft statutes, a federal bribery statute, and a section of the California Government Code that allows counties to use a purchasing agent in contracts greater than $100,000. (Compl. at 20-21.) Inasmuch as the Sixth Cause of Action brings these charges against the County, who has not been named as a party, they are **DISMISSED WITH PREJUDICE**.[4] Perry's Eleventh Cause of Action is similarly **DISMISSED WITH PREJUDICE** as it contains no allegations against either Veolia of FirstGroup, but merely asserts the same theft of "employment and pension from

---

[4] Perry's Sixth Cause of Action also alleges theft of wages against Veolia. This claim is discussed below.

1  bus drivers" against the County as is found in the Sixth Cause of Action.

2  **B.    Perry's Fifth, Sixth, Eighth, Ninth, Tenth and Twelfth Causes of Action**

Defendants also assert that the Court should dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.  Specifically, Defendants assert that Perry has failed to comply with Rule 8's pleading requirements that each allegation be "simple, concise, and direct," and provide them with "fair notice of what the plaintiff's claim is . . . ." Fed. R. Civ. P. Rule 8.

Perry's Fifth Cause of Action alleges that Veolia discharged him in retaliation for his filing a California False Claims Act suit against FirstGroup.  (Compl. at 19.)  In that original suit, Perry alleged that FirstGroup made false claims to the County by not paying bus drivers for on-duty meal periods, entering into the contract for busing services with the County, and allegedly asking drivers to make up mileage lost on buses duty to maintenance by driving unscheduled routes.  (Compl. Ex. B at 5-11.)

The Fifth Cause of Action is nearly unintelligible, and the Court has expended great time trying to decipher Perry's intended claim.  A "simple, concise, direct" pleading does not contain lengthy recitations of law haphazardly placed throughout each cause of action.  Each of Perry's claims contains unsupported factual and legal assertions.  He has not provided the Court or the Defendants with fair notice of what his claims are.  In fact, his complaint is extremely similar to the complaints brought before the California state courts that have caused him to be deemed a vexatious litigant there.  (*Compare* Compl. *with* Compl. Ex. B.)

While the Court may dismiss Perry's Fifth Cause of Action without prejudice, allowing Perry the opportunity to comply with Rule 8, it better serves Perry and its own resources by examining the claim more fully under Rule 12(b)(6).  Perry has no possibility of winning relief under his Fifth Cause of Action because he is not entitled to protection under Cal. Gov. Code § 12653.  A plaintiff must have a reasonable suspicion that his employer has made a false claim in order to be claim retaliatory discharge.  *See Kaye v. Bd. of Trs. of San Diego Pub. Law Library*, 101 Cal.Rptr.3d 456, 465 (Ct. App. 2009) ("[T]he employee must have reasonably based suspicions of a false claim . . . .").  None of the actions alleged by

FirstGroup can be reasonably interpreted as false claims.  *See* Cal. Gov. Code § 12650(b)(1)(A) (stating that a "claim" is a request to the state government for payment, in money or services, made under contract or otherwise). On this definition of a claim, neither FirstGroup's alleged refusal to pay for on-duty meal periods nor its requests for additional mileage from drivers amounts to one.  FirstGroup is not asking for any money or payment from the County.  Additionally, FirstGroup's entering into the contract with the County does not qualify as a false claim because they have not submitted a claim for payment, but rather negotiated a contract.  Because none of the actions alleged in Perry's original false claims action can be construed as false claims, he did have a reasonable suspicion that FirstGroup violated the False Claims Act.  Therefore, he is not protected from his discharge by Veolia under Cal. Gov. Code § 12653 and his Fifth Cause of Action is **DISMISSED WITH PREJUDICE**.

Perry's Sixth Cause of Action mainly alleges claims against the County, which have already been dismissed.  To the extent that his Sixth Cause of Action demands back pay monies owed to him due to his alleged wrongful discharge by Veolia, Perry's Sixth Cause of Action is **DISMISSED WITH PREJUDICE** because Perry's discharge did not violate Cal. Gov. Code § 12653.

Perry's Eighth Cause of Action alleges that FirstGroup stole money from the County under the False Claims Act by not paying him for missed meal breaks, rest periods and overtime.  As stated above, FirstGroup's alleged nonpayment to Perry cannot be construed as submitting a false claim for payment to the County under the Cal. Gov. Code § 12650(b)(1)(A).  Because the acts alleged by Perry cannot fit under the False Claims Act, the Eighth Cause of Action is **DISMISSED WITH PREJUDICE**.

Perry's Ninth Cause of Action alleges that FirstGroup submitted false claims for payment under the Cal. Gov. Code § 12651 by misstating the economic reasons for a bus-driver shortage in its contract with the County and by failure to pay bonus to bus drivers under that contract. (Compl. at 30-31.)  Both arguments fail.  Perry explains that economic conditions did not create the bus driver shortage that FirstGroup was enlisted to correct, but

rather FirstGroup's low-wages created the shortage.  However, FirstGroup's payment of bus drivers, which must have occurred *after* the contract was entered into, could not have created the condition that helped induce the formation of the contract.  Secondly, it has been established that a private employer's alleged failure to compensate its employees cannot be construed as a false claim to the government for payment.  As such, the both actions alleged by Perry cannot constitute a false claim.  Therefore, his Ninth Cause of Action is **DISMISSED WITH PREJUDICE**.

Perry's Tenth Cause of Action alleges that FirstGroup violated Cal. Gov. Code § 12653 by discriminating against him in retaliation for the same false claims action he brought for which he alleges Veolia discharged him.  As has already been discussed in the dismissal of Perry's Fifth Cause of Action, Perry is not protected under Cal. Gov. Code § 12653 because there exists no reasonable suspicion that FirstGroup's alleged refusal to compensate him for on-duty meal breaks could have been construed as a false claim for payment filed by FirstGroup to the County.  Therefore, Perry's Tenth Cause of Action is **DISMISSED WITH PREJUDICE**.

Perry's Twelfth Cause of Action alleges that Veolia stole money from the County under the False Claims Act by not paying him for split-shift and overtime compensation.  As stated above, Veolia's alleged nonpayment to Perry cannot be construed as submitting a false claim for payment to the County under the Cal. Gov. Code § 12650(b)(1)(A).  Because the acts alleged by Perry cannot fit under the False Claims Act, the Twelfth Cause of Action is **DISMISSED WITH PREJUDICE**.

**C.    Perry's Seventh Cause of Action**

Defendant Veolia also asserts that Perry's Fifth, Sixth and Seventh Causes of Action should be dismissed because the NLRA preempts this Court's jurisdiction.  The Fifth and Sixth Causes of Action have already been dismissed on other grounds.  However, the Seventh Cause of Action clearly falls within the jurisdiction of the NLRB is most properly dismissed on that ground.

Perry seeks to have the Court declare the collective bargaining agreement between

Veolia and ATU Local 1309 void because Veolia "handpicked" ATU Local 1309 to represent the bus drivers. He also describes the agreement as "management friendly." (Compl. at 25.) Perry seems to allege some kind of collusion or illegitimacy of the collective bargaining agreement. Section 8 of the NLRA requires that representatives of employees and employers must negotiate collective bargaining agreements in good faith. 29 U.S.C. § 158(d). Claims falling under Section 8 of the NLRA are subject to the exclusion jurisdiction of the NRLB. *See Garmon*, 359 U.S. at 245. Because the Court's jurisdiction of matters under § 8 of the NLRA is preempted by the NLRB; the Court lacks jurisdiction over this issue. *See id*. Therefore, Perry's Seventh Cause of Action is **DISMISSED WITH PREJUDICE**.

### D. Veolia's Motion to Strike and FirstGroup's Motion for a More Definitive Statement

Because Perry's complaint has been **DISMISSED WITH PREJUDICE** in its entirety, Veolia's Motion to Strike and FirstGroup's Motion for a More Definitive Statement are **DENIED AS MOOT**.

### E. Motion to Have Perry Declared a Vexatious Litigant

Defendant FirstGroup has moved for an order declaring Perry a vexatious litigant and for an injunction prohibiting him from filing any further *pro se* suits that allege state law claims against FirstGroup, or any of its subsidiaries, without first obtaining leave from the Court.

#### 1. Legal Standard

The All Writs Act grants authority to district courts to restrict the ability of *pro se* litigants to file harassing or frivolous lawsuits. 28 U.S.C. § 1651(a). Before entering such an order, district courts must (1) provide the Perry with an opportunity to oppose the order before it is entered; (2) create a record showing at least that the Perry's activities are numerous or abusive; (3) make findings that the Perry's actions are frivolous or harassing; and (4) narrowly tailor the order to "closely fit the specific vice encountered." *De Long v. Hennessey,* 912 F.2d 1144, 1148 (9th Cir. 1990).

#### 2. Discussion

##### I. Perry Has Been Given an Opportunity to Oppose

Perry has filed an opposition to FirstGroup's motion in which he states that he is not a vexatious litigant, that FirstGroup fails to comply with a state court order deeming him a vexatious litigant, and that FirstGroup has waived this argument. (Opp. to FirstGroup at 2). These arguments are patently incorrect. First, Perry has twice been deemed a vexatious litigant. (Dkt. Nos. 15-4, 15-6) Second, FirstGroup is not required to comply with the state court order deeming Perry a vexatious litigant when it has moved to have him deemed as such in this Court. Finally, Perry's waiver claim is not supported by the state trial court document he cites.[5] These arguments, while futile, demonstrate that Perry has had the opportunity to oppose FirstGroup's motion to deem him a vexatious litigant, thereby satisfying the first *De Long* element.

### ii. Substantial Record of Perry's Filings Exists

In its motion, FirstGroup has provided evidence of Perry's numerous and meritless state and federal court actions. (Dkt. Nos. 15-4 through 15-25.) These actions are too numerous to list here, but a summary is appropriate. In 2006, Perry was twice deemed a vexatious litigant by the state court for suits against the County, the indispensible but non-joined party who is the target of many of Perry's claims in the present case. (*See* Dkt. Nos. 15-4, 15-6) Perry has also brought suit in state court against FirstGroup, and at times Veolia, four times in the past seven years; each suit bringing the same False Claims Act violation claims that the Court has dismissed here. (*See, e.g.*, Dkt. No. 15-6 (also disputing without legal rationale the legality of the County's "contracting out" of its bus services).) Each time these complaints have been dismissed. (Def. FirstGroup's Motion to Declare Perry a Vexatious Litigant at 4–5.) Additionally, Perry has unsuccessfully brought at least eight other unsuccessful suits in state and federal court since 1997; many against the County, and almost all dismissed with prejudice or for failure to prosecute or comply with court orders. (Dkt. Nos. 15-18 through 15-25.) The second *De Long* element is thus satisfied in that

---

[5] Perry attached a 2008 tentative ruling from a former state court matter. (Opp. to FirstGroup Ex. 1). In this matter, defendant County's motion for Perry to furnish security was denied without prejudice for failure to make the required evidentiary showing pursuant to a previous order deeming Perry a vexatious litigant. (*Id.*) This document cannot be construed as a waiver of FirstGroup's motion to deem Perry a vexatious litigant in this Court.

FirstGroup has clearly provided a substantial record of Perry's meritless filings.

### iii. Perry's Claims Are Frivolous and Harassing

Perry's claims are frivolous if they are "patently without merit." *De Long*, 912 F.2d at 1148. As set forth above, Perry has four other times brought these and similar claims in state court, and each time the claims have been dismissed. (*See* Dkt. Nos. 15-6 through 15-16.) Perry seemingly has only brought this complaint to the Court to avoid filing security in state court where he has twice been deemed a vexatious litigant. He alleges diversity jurisdiction by not naming the County as a defendant, but he is clearly attempting to bring the same meritless claims that have four times been dismissed from state court. The present complaint, as well as the previous state court actions, illustrate not only that Perry's suits are frivolous, but that they form a pattern of harassment. Accordingly, the third *De Long* factor is met.

### iv. Pre-Filing Order Is Narrowly Tailored

The final *De Long* factor requires that any pre-filing order against the party deemed a vexatious litigant be narrowly tailored.

> Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants. Nonetheless, orders restricting a person's access to the courts must be based on adequate justification supported by the record and narrowly tailored to address the abuse perceived.

*De Long*, 912 F.2d at 1148. It is time to ensure that Perry may still pursue meritorious claims in federal court without subjecting potential (and past) defendants to costly litigation of frivolous claims. The Court therefore issues the following injunction:

Kevin L. Perry is enjoined from filing any new civil actions in this or any other federal court of the United States without first obtaining leave of that court.

Kevin L. Perry must attach a copy of this Order to any new actions that he may file in any federal court.

In order to obtain leave from this or any other federal court, Kevin L. Perry must lodge with the Clerk of Court:

a.  a motion for leave to file a new complaint. The motion shall be captioned "Application for Leave to File Pursuant to Injunctive Order entered in Case No. 11-cv-1076-LOB(RBB)."

b.  the new complaint

c.  a copy of this Order

d.  A sworn affidavit or declaration certifying that:

   I.   the complaint rises a new issue which has never been raised previously by him in either a state or federal court

   ii.  that his claim is well-grounded in fact and in law and is not frivolous

   iii. that in prosecuting the action, he will comply with all federal and local rules of civil procedure.

e.  Failure to comply with the terms of this Order may be grounds for a court to summarily deny any motion for leave to file a new complaint; may be grounds to sustain a motion to dismiss the complaint; and may be grounds to impose sanctions under Rule 11 of the Federal Rules of Civil Procedure.

f.  False or misleading recitals in the new complaint or the motion for leave to file a new complaint may be grounds for a denial of leave to file the new complaint, may be grounds for dismissing the complaint, and may subject Kevin L. Perry to sanctions under Rule of the Federal Rules of Civil Procedure.

g.  If the court grants Kevin L. Perry's motion for leave to file a new complaint, Kevin L. Perry shall serve a copy of the complaint and this Order on each named defendant in his complaint. Additionally, Kevin L. Perry must provide the court with acceptable proof of service.

h.  The Clerk of Court shall assign a miscellaneous case number for all future actions filed by Kevin L. Perry in the Southern District of California.

I.  Nothing in this Order shall be construed as having any effect on Kevin L. Perry's ability to defend himself in a criminal action which has been or may be brought against him, or to file a petition for writ of habeas corpus.

    j.    Nothing in this Order shall be construed as denying Kevin L. Perry access to the United States Court of Appeals or the United States Supreme Court.

    k.    Nothing in this Order shall be construed as affecting any pending action previously brought by Kevin L. Perry and presently pending in any state or federal court.

    l.    This Court shall retain jurisdiction to modify this injunction as necessary.

**V.   Conclusion**

Perry's entire complaint is **DISMISSED WITH PREJUDICE**. Defendant's motions to strike and for a more definitive statement are **DENIED AS MOOT**. FirstGroup's motion to deem Perry a vexatious litigant is **GRANTED**. Perry is enjoined from filing claims in this or any federal court subject to the pre-filing order stated above.

**IT IS SO ORDERED**.

DATED: September 30, 2011

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge