# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN L. PERRY,<br><br>　　　　　　　　　　Plaintiff,<br>　vs.<br><br>VEOLIA TRANSPORT, et al.,<br><br>　　　　　　　　　　Defendants. | CASE NO. 11-CV-176-LAB-RBB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT** |

On September 30, 2011, the Court dismissed Plaintiff Kevin L. Perry's twelve-count complaint with prejudice, deemed Perry a vexatious litigant, and enjoined him from filing any new civil actions in this or any other federal court without first obtaining that court's leave. (Docket no. 25.) Almost three years later, Perry filed a Rule 60(b) motion for relief from the Court's order. (Docket no. 34.) Because the motion is untimely and does not present any valid grounds for relief, the Court denies his motion.

**I.   Background**

Plaintiff's complaint arose from a contract between the County of San Diego and one or both of Defendants Veolia Transportation Services, Inc. and FirstGroup PLC, as well as Perry's termination from employment with one or both of the Defendants. Because Perry had previously brought and lost these claims in state court, (*see* Docket nos. 15-6 through

15-16), the Court determined that they were not only frivolous, but also part of a pattern of harassment, (Docket no. 25). The Court also concluded that Perry's complaint suffered from a number of other fatal flaws, including failure to join an indispensable party (the county) that would destroy diversity, preemption, and failure to state a claim on which relief could be granted. Finally, the Court noted the swath of meritless litigation instituted by Perry in other courts, where he had at least two other times been deemed a vexatious litigant. Accordingly, the Court enjoined Perry from filing any new civil actions in this or any other federal court without first obtaining leave of that court. (*See id.*)

Plaintiff moves for relief from the injunction under both subsections (5) and (6) of Rule 60(b). (Docket no. 34 at 1.)

**II. Discussion**

Rule 60(b) allows a court to relieve a party from a final judgment when "applying it prospectively is no longer equitable" or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(5) & (6). Despite the facially broad language, relief under Rule 60(b)(6) requires a showing of "'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005) (quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950). Similarly, a motion to modify a judgment under Rule 60(b)(5) seeks "'extraordinary relief, and requires a showing of extraordinary circumstances.'" *SEC v. Worthen*, 98 F.3d 480, 482 (9th Cir. 1996) (quoting *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 911 F.2d 363, 365 (9th Cir. 1990)).

**A. Timeliness**

A party seeking relief under Rule 60(b) must file its motion for relief from judgment within a "reasonable time." Fed. R. Civ. P. 60(c)(1). "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other parties." *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981) (per curiam). Here, Perry does not list any reason for his delay in asserting these grounds for relief. The law on which his motion relies, §20 of the Clayton Act, has been around since

1914.  *See* Clayton Act, ch 323, § 20, 38 Stat. 738 (1914).  Perry did not appeal the Court's judgment after it was entered, and has therefore not been diligent in pursuing his claims. Because Perry does not articulate his reasons for waiting three years to ask for this relief, and the record does not support any such showing that his delay was reasonable, the Court **DENIES** his motion as untimely.  *Ashford*, 657 F.2d at 1055.

### B. Perry's Grounds for Relief Fail on the Merits

Perry moves for relief from the injunction under Rule 60(b) on the grounds that it violated § 20 of the Clayton Act (29 U.S.C. § 52), denied him free access to courts, and erred in concluding that his claims were frivolous.  (Docket no. 34.)  None of these arguments entitle him to relief from the Court's judgment under either Rule 60(b)(5) or (6).

#### 1. Relief under Rule 60(b)(5)

In the Rule 60(b)(5) context, the Ninth Circuit has "articulated three requirements for this extraordinary relief: clear showings of 'a substantial change in circumstances or law since the orders were entered, extreme and unexpected hardship in compliance with the injunction['s] terms, and a good reason why [the court] should modify the permanent injunction."  *Worthen*, 98 F.3d at 482 (quoting *Transgo*, 911 F.2d at 365) (alterations in original).  The moving party bears the burden of showing entitlement to relief.  *Id.*; *cf. Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 384 (1992) (holding that "[t]he moving party must satisfy the initial burden of showing a significant change either in factual conditions or in the law warranting modification" of a consent decree under Rule 60(b)(5)).

Perry's motion for relief does not demonstrate any changed circumstances or changed law since the order was entered.  Although the motion cites 29 U.S.C. § 52, a provision of the Clayton Act restricting injunctions in labor disputes, it has been unsettled since 1945 that the law applies only to situations where litigants were attempting to use antitrust laws against labor union activities.  *See  Allen Bradley Co. v. Local No. 3*, 325 U.S. 797, 803 (1945) ("To amend, supplement and strengthen the Sherman Act against monopolistic business practices, and in response to the complaints of the unions against injunctions and application of the Act to them, Congress in 1914 passed the Clayton Act. . . .

[F]or this purpose, and also drastically to restrict the general power of federal courts to issue labor injunctions, § 20 [*codified as* 29 U.S.C. § 52] was adopted.") The law on which Plaintiff's motion relies is inapplicable.

Neither does Perry's motion show how complying with the injunction's requirement that he get permission before filing new actions has resulted in extreme and unexpected hardship. In fact, Perry has not asked this Court for leave to file a new action, much less been turned down. Far from being denied access to courts, as his motion asserts, Perry has not demonstrated any unfair prejudice that has resulted from the Court's order designating him a vexatious litigant. (*See* Docket no. 34 at 8.)

### 2. Relief under Rule 60(b)(6)

Similarly, "Rule 60(b)(6) relief normally will not be granted unless the moving party is able to show both injury and that circumstances beyond its control prevented timely action to protect its interests." *United States v. Alpine Land & Reservoir Co.,* 984 F.2d 1047, 1049 (9th Cir. 1993). The bar to relief under Rule 60(b)(6) is even higher where the party seeking relief made a choice not to appeal the judgment he seeks to alter. *Ackermann v. United States*, 340 U.S. 193, 198 (1950). Here, Perry freely forewent his right to appeal the Court's order determining that his action was frivolous and that he was a vexatious litigant. Because he has not cannot show that circumstances beyond his control prevented timely action to protect his interests, he cannot now challenge that ruling under Rule 60(b)(6). "There must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from." *Ackermann*, 340 U.S. at 198.

///
///
///
///
///
///
///

**III     Conclusion**

In addition to being untimely, Perry's motion is meritless. Perry does not meet his high burden to show either "a substantial change in circumstances or law" since the order was entered, or an "extreme and unexpected hardship" in complying with the order. *Worthen*, 98 F.3d at 482. He has not shown the existence of "extraordinary circumstances" necessary to justify reopening a final judgment. *Gonzalez*, 545 U.S. at 528. Accordingly, the Court **DENIES** his motion for relief from judgment under Rule 60(b).

**IT IS SO ORDERED**.

DATED: October 22, 2014

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge